ALEXANDER GOULARD, JR., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Goulard v. Commissioner
Docket Nos. 25665-87, 25666-87, 25667-87, 25668-87
United States Tax Court
T.C. Memo 1990-525; 1990 Tax Ct. Memo LEXIS 580; 60 T.C.M. (CCH) 952; T.C.M. (RIA) 90525; October 4, 1990, Filed Thomas G. Christmann and Walter M. Tovkach, for the petitioners. Roslyn D. Grand and David Albert Mustone, for the respondent. WELLS, Judge. WELLS
SUPPLEMENTAL MEMORANDUM OPINION The instant case is before us on petitioners' motion for reconsideration of our oppinion in , filed on August 21, 1990 (prior Opinion), pursuant to Rule 161. [2] In our prior Opinion, we held, inter alia, that the "Checksheet B" sent by respondent to the DOL on January 27, 1986, was sufficient notification to DOL of respondent's intent to determine a deficiency in section 4975 excise tax and that respondent therefore had satisfied section 4975(h). Petitioners contend *581 in the instant motion that becasue the Checksheet B indicates that respondent examined only the plan's fiscal years ending in April 1983 and 1984, respondent did not satisfy section 49755(h) for fiscal years ending in April 1980, 1981, and 1982. Petitioners arue that the Court therefore should revise its Opinion and grant petitioners' "Second Motion to Dismiss for Lack of Subject Matter Jurisdiction" with respect to fiscal years ending in April 1980, 1981, and 1982. [2]
To the extent that we held in our prior Opinion that respondent satisfied section 4975(h) for fiscal years ending in April 1980, 1981, and 1982, we agree with petitioners that revision of our prior Opinion is warranted. In modifying our prior Opinion, however, we are not prepared to hold at this time that respondent has failed to *582 satisfy section 4975(h) with respect to such fiscal years. Respondent, in his memorandum filed in response to petitioners' "Second Motion to Dismiss for Lack of Subject Matter Jurisdiction", contended that the loans in issue during fiscal years endin in April 1980, 1981, and 1982 are the same "underlying loan transactions" that already had been brought to DOL's attention in the Checksheet B sent by respondent to DOL. There is no evidence in the record, however, bearing on the issue of whether the loans covered by the Checksheet B were the same "underlying loan transactions" that are in issue for fiscal years ending in April 1980, 1981, and 1982. Thus, in addition to legal issues, material questions of fact remain with respect to the transactions described in the Checksheet B sent to DOL. The parties will be entitled to offer evidence on that issue at the trial of the instant case. Our holding in our prior Opinion that respondent satisfied section 4975(h) is hereby modified to the extent that it is limited to fiscal years ending in April 1983 and 1984. Our Order issued with respect to our prior Opinion denying petitioners' motions to dismiss, however, shall remain in effect. *583 To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Cases of the following petitioners have been consolidated herein: Alexander Goulard, Jr., docket No. 25665-87; B. Duke West, docket No. 25666-87; Richard Smith, docket No. 25667-87; and Charles Jordan, docket No. 25668-87. Except as otherwise noted, for convenience we will refer to the foregoing cosolidated cases collectively as "the instant case."↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩